IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN GEORGES,** | : | CIVIL NO: 1:16-CV-1757 |
| **Plaintiff,** | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Arbuckle) |
| | : | |
| **ETTLINE FOODS** | : | |
| **CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMEDATION**
**[Motion to Dismiss, Doc 14]**

**I. Procedural History**

Plaintiff Karen Georges initiated this action on July 11, 2016 against Defendant Ettline Foods Corporation, alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (Doc. No. 1). Georges' complaint was filed in the Court for the Eastern District of Pennsylvania and subsequently transferred to this Court on August 17, 2016 (Doc. No. 3).

On October 6, 2016, the Georges and Ettline completed a Joint Case Management Plan stipulating that discovery be completed by March 6, 2017 (Doc. Nos. 9; 12). Shortly after, the parties commenced discovery. Ettline served document requests and interrogatories on Georges' attorneys on October 13, 2016 (Doc. No. 15-1). A response to the document requests and

interrogatories was expected by November 14, 2016 pursuant to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33; 34. When Georges failed to respond by November 14, Ettline granted a two-week extension (Doc. No. 15-1). Ettline granted a second extension on November 28, 2016 (Doc. No. 15-1). On December 12, 2016, a third extension was granted with the understanding that Georges would respond to the document requests and interrogatories by December 30, 2016 (Doc. No. 15-1). Georges failed to meet this final deadline (Doc. No. 15-1). Counsel for Georges has indicated that she has been unable to contact the plaintiff and does not object to a dismissal based on her client's failure to cooperate with counsel (Doc. No. 15, p 2 & Exhibit 3). Ettline then filed this unopposed motion for dismissal based on Georges' failure to comply with discovery requests (Doc. No. 14).

## II. Discussion

### A. Dismissal of this Case is Warranted Under the Local Rules

Local Rule 37.1 provides that this Court "may impose upon any party or counsel such sanctions as may be just . . . if any party or attorney abuses the discovery process in seeking, making, or resisting discovery." M.D.Pa. LR 37.1 (2014). Georges resisted the discovery process by ignoring Ettline's discovery requests for the month and a half preceding this motion. In failing to respond to Ettline's discovery requests despite multiple

extensions, Georges has impeded the fulfillment of the joint case management plan and obstructed the timely and fair resolution of this case. Our precedent requires us to note that "courts should strive to resolve cases on their merits whenever possible [but] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion . . ." *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir.1998). In line with basic tenets of fairness, we are obliged to recognize that one party's failure to comply with the rules may unjustifiably prejudice the parties who follow the rules. In this case, Georges has failed to comply with the rules of this court by "resisting discovery" and by failing to communicate with her counsel. This failure compels us to apply "such sanctions as may be just," including the dismissal of the pending case.

## B. **Dismissal of this Case is Warranted Under Rule 37 and the *Poulis* factors suggested by the Third Circuit.**

In addition to the requirements of this Court's local rules, Rule 37 of the Federal Rules of Civil Procedure permits a court to dismiss an action for failure to comply with discovery, stating that: "The court where the action is pending may, on motion, order sanctions if: . . . a party, after being properly served with interrogatories . . . fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A). Sanctions may include

"dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Decisions regarding dismissal of actions for failure to respond to discovery rest in the sound discretion of the Court and will be upheld absent abuse of that discretion. This broad discretion is governed by the *Poulis* factors, as articulated by the United States Court of Appeals for the Third Circuit, which include:

> "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); *see also* Filbert v. Westmoreland Cty. Prison, No. 16-2060, 2017 WL 35718, at *2 (3d Cir. Jan. 4, 2017); Hunter v. Keller, 239 F. App'x 771, 772 (3d Cir. 2007). No "'magic formula' or 'mechanical calculation'" is applied to decide whether a trial court has abused its discretion. Briscoe v. Klaus, 538 55F.3d 252, 263 (3d Cir. 2008)(quoting Mindek v. Rigatti, 964 F.2d 1369,

1373 (3d Cir. 1992)). Courts have adopted the position that "not all Poulis factors must weigh in favor of dismissal in order for dismissal to be warranted." *Hunter v. Keller*, 239 F. App'x 771, 772 (3d Cir. 2007); *accord Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919 (3d Cir. 1992); *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). "Dismissal must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 868.

1. Extent of Party's Personal Responsibility

Georges' personal responsibility for this delay in discovery proceedings is demonstrated by the repeated attempts made by counsel to contact Georges. Georges has not explained her refusal to participate further in this litigation, nor is any reasonable explanation available to this Court.

2. Prejudice to the Adversary

Prejudice to the adversary includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Because Georges has left Ettline's discovery requests unanswered, she has impaired Ettline's ability to prepare a defense

to her claims and otherwise litigate this case. Ettline has undoubtedly incurred costs in communicating with Georges' counsel and filing the present motion to dismiss. While these costs may not be "excessive," Ettline cannot recover the costs it has incurred in mounting a defense to the claims that Georges appears to have abandoned.

3. History of Dilatoriness

As the Third Circuit has explained, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874. Georges has missed the thirty-day time limit for responses to discovery requests, contained in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33; 34. She has also missed the two extensions granted by Ettline. In total, Georges has accrued three non-responses to Ettline's discovery requests.

4. Willfulness or Bad Faith

The Third Circuit has defined willfulness or bad faith as "more than mere negligence," but possibly "less than 'knowing disregard.'" Mrs. Ressler's Food Prod. v. KZY Logistics LLC, No. 16-2173, 2017 WL 167464, at *5 (3d Cir. Jan. 17, 2017)(quoting Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984)). Willfulness "involves intentional or self-serving

behavior." _Adams,_ 29 F.3d at 875. Further, "an absence of a good faith effort . . . does not necessarily amount to willfulness or bad faith" _Id._ at 876. In this case, counsel for Georges has attempted to contact her. The lack of response from Georges, and attendant lack of a reasonable explanation, suggest more than "mere negligence" on the part of Georges. Her evident disregard for the discovery process appears, at the very least, intentional. The Court could speculate as to whether Georges' lack of action constitutes a self-serving litigation strategy; however, Georges' unexplained desertion of this case suggests a willful disregard for the "expeditious processing of litigation." _Poulis,_ 747 F.2d at 868.

 5. Effectiveness of Alternative Sanctions

Alternative sanctions to dismissal include monetary sanctions, Fed. R. Civ. P. 37(d)(3), or a motion to compel. Fed. R. Civ. P. 37(a)(3). Although dismissal is, and should be, "a sanction of last, not first, resort," _Poulis,_ 747 F.2d at 868, alternative sanctions are likely to be ineffective. In this case, Georges appears unlikely to be persuaded by monetary sanctions or further orders. She has ignored the requests of her own counsel and has not responded to this motion to dismiss. While possible, alternative sanctions are likely to only further prolong this litigation.

 6. Merit of the Claim

The *Poulis* court stated, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleading, if established at trial, would support recovery by the plaintiff . . ." *Poulis, 747 F.2d at 869-70*. Georges' age discrimination claim has survived the initial motion to dismiss. However, the purpose of discovery is to clarify whether a plaintiff's claims have merit. Georges' own conduct therefore makes this factor difficult to assess. See *Reshard v. Lankenau Hosp.*, 256 F. App'x 506, 508 (3d Cir. 2007)(affirming dismissal where district court concluded that merits were impossible to determine due to delay in discovery process). Nonetheless, "not all Poulis factors must weigh in favor of dismissal in order for dismissal to be warranted." *Hunter v. Keller*, 239 F. App'x 771, 772 (3d Cir. 2007). In this case, the preceding Poulis factors tend to suggest that dismissal is appropriate in this instance. The potential merit of Georges' initial claim, which she has since failed to litigate, should not bar dismissal of this case.

### III. Recommendation

For these reasons it IS RECOMMENDED THAT the Plaintiff's complaint be dismissed with prejudice for failure to respond to discovery requests.

## IV. Notice

Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> **Any party may object** to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within fourteen (14) days after being served** with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. **The briefing requirements set forth in Local Rule 72.2 shall apply**. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.   M.D.Pa. LR 72.3 (2014). (emphasis added).

**SO ORDERED.**

*s/ William I. Arbuckle, III*
William I. Arbuckle, III
United States Magistrate Judge

Dated: February 21, 2017